US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 06 2013

CHRIS R. JOHNSON, Clerk
By
Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF ARKANSAS**
**FORT SMITH DIVISION**

**CANAAN WILDLIFE PRESERVE, INC., an Arkansas corporation;** **PLAINTIFFS**
**FRED AND WILLENA HERMAN;**
**BILLY C. LOONEY;**
**JANET K. SPEARE;**
**JOSEPH FLANAGAN; and**
**SILOAM MINERALS, LLC, an Arkansas limited liability company**

**v.** **No.** 13-2064

**CHESAPEAKE ENERGY CORPORATION, an Oklahoma corporation;** **DEFENDANTS**
**CHESAPEAKE OPERATING, INC., an Oklahoma corporation;**
**CHESAPEAKE ENERGY MARKETING, INC., an Oklahoma corporation;**
**CHESAPEAKE MIDSTREAM OPERATING, LLC, an Oklahoma limited liability company;**
**ARKANSAS MIDSTREAM GAS SERVICES CORP., an Arkansas corporation;**
**CHESAPEAKE MIDSTREAM GAS SERVICES, LLC, an Oklahoma limited liability company;**
**BP AMERICA PRODUCTION COMPANY, a Delaware corporation;**
**BP ENERGY COMPANY, a Delaware corporation;**
**BHP BILLITON PETROLEUM (FAYETTEVILLE), LLC, a Delaware limited liability company;**
**BHP BILLITON PETROLEUM (ARKANSAS), INC., an Arkansas corporation; and**
**BHP BILLITON MARKETING, INC., a Delaware corporation**

## CLASS ACTION COMPLAINT

Plaintiffs, Canaan Wildlife Preserve, Inc., Fred and Willena Herman, Billy C. Looney, Janet K. Speare, Joseph Flanagan, and Siloam Minerals, LLC, individually, and as class representatives on behalf of all similarly situated persons and entities, hereby file their complaint against Defendants, and for their complaint, state and allege as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Canaan Wildlife Preserve, Inc. ("Canaan") is an Arkansas corporation with its principal place of business in Arkansas, and Canaan owns mineral interests in Van Buren County, Arkansas.

2. Plaintiffs Fred and Willena Herman, husband and wife, are individual citizens and residents of Arkansas, and they own mineral interests in Van Buren County, Arkansas.

3. Plaintiffs Billy C. Looney and Janet K. Speare, husband and wife, are individual citizens and residents of Tennessee, and they own mineral interests in Franklin County, Arkansas.

4. Plaintiff Joseph E. Flanagan, a single man, is an individual citizen and resident of Franklin County, Arkansas, and he owns mineral interests in Franklin County, Arkansas.

5. Plaintiff Siloam Minerals, LLC is an Arkansas limited liability company with its principal place of business in Arkansas, and it owns mineral interests in Van Buren County, Arkansas.

6. Defendant Chesapeake Energy Corporation ("Chesapeake Energy") is an Oklahoma corporation with its principal place of business in Oklahoma. Chesapeake Energy is doing business in the State of Arkansas and may be served with process through its registered service agent. Personal jurisdiction comports with due process under the Constitution of the United States.

7. Defendant Chesapeake Operating, Inc. ("Chesapeake Operating") is an Oklahoma corporation with its principal place of business in Oklahoma. Chesapeake

Operating is doing business in the State of Arkansas and may be served with process through its registered service agent. Personal jurisdiction comports with due process under the Constitution of the United States.

8. Defendant Chesapeake Energy Marketing, Inc. ("Chesapeake Marketing") is an Oklahoma corporation with its principal place of business in Oklahoma. Chesapeake Marketing is doing business in the State of Arkansas and may be served with process through its registered service agent. Personal jurisdiction comports with due process under the Constitution of the United States.

9. Defendant Chesapeake Midstream Operating, LLC ("Chesapeake Midstream Operating") is an Oklahoma limited liability company with its principal place of business in Oklahoma. Chesapeake Midstream Operating is doing business in the State of Arkansas and may be served with process through its registered service agent. Personal jurisdiction comports with due process under the Constitution of the United States.

10. Defendant Arkansas Midstream Gas Services Corp. ("Arkansas Midstream") is an Arkansas corporation with its principal place of business in Oklahoma. Arkansas Midstream is doing business in the State of Arkansas and may be served with process through its registered service agent. Personal jurisdiction comports with due process under the Constitution of the United States.

11. Defendant Chesapeake Midstream Gas Services, LLC ("Chesapeake Midstream Gas") is an Oklahoma limited liability company with its principal place of business in Oklahoma. Chesapeake Midstream Gas is doing business in the State of

Arkansas and may be served with process through its registered service agent. Personal jurisdiction comports with due process under the Constitution of the United States.

12. Chesapeake Operating and Chesapeake Marketing are wholly owned subsidiaries of Chesapeake Energy. Chesapeake Midstream Gas is a subsidiary of Chesapeake Energy. Chesapeake Midstream Operating is a subsidiary of Chesapeake Energy. Arkansas Midstream is a subsidiary of Chesapeake Midstream Operating. Upon information and belief, Chesapeake Energy owns, or owned, directly or indirectly, 50% or more of Chesapeake Midstream Operating and Chesapeake Midstream Gas during the time period covered by the Complaint.

13. Chesapeake Energy and Chesapeake Operating are or were the operators and lessees of oil and gas leases and wells in the State of Arkansas ("Chesapeake Defendants"). Chesapeake Marketing, Chesapeake Midstream Operating, Arkansas Midstream and Chesapeake Midstream Gas are the midstream and marketing entities used by the Chesapeake Defendants ("Chesapeake Midstream Defendants"). Defendant Chesapeake Energy is a publicly traded company and the Chesapeake Defendants and Chesapeake Midstream Defendants are wholly owned subsidiaries of Chesapeake Energy, except for Chesapeake Midstream Operating and Chesapeake Midstream Gas, in which Chesapeake Energy owns, or owned, directly or indirectly, at least 50% of the equity during the time period covered by the Complaint.

14. Defendant BP America Production Company ("BP Production") is a Delaware corporation with its principal place of business in Illinois. BP Production is doing business in the State of Arkansas and may be served with process through its

registered service agent. Personal jurisdiction comports with due process under the Constitution of the United States.

15. Defendant BP Energy Company ("BP Energy") is a Delaware corporation with its principal place of business in Delaware. BP Energy is doing business in the State of Arkansas and may be served with process through its registered service agent. Personal jurisdiction comports with due process under the Constitution of the United States.

16. Defendant BHP Billiton Petroleum (Fayetteville), LLC ("BHP-Fayetteville") is a Delaware limited liability company with its principal place of business in Texas. BHP-Fayetteville is doing business in the State of Arkansas and may be served with process through its registered service agent. Personal jurisdiction comports with due process under the Constitution of the United States.

17. Defendant BHP Billiton Petroleum (Arkansas), Inc. ("BHP-Arkansas") is an Arkansas corporation with its principal place of business in Arkansas. BHP-Arkansas is doing business in the State of Arkansas and may be served with process through its registered service agent. Personal jurisdiction comports with due process under the Constitution of the United States.

18. Defendant BHP Billiton Marketing, Inc. ("BHP Marketing") is a Delaware corporation with its principal place of business in Pennsylvania. BHP Marketing is doing business in the State of Arkansas and may be served with process through its registered service agent. Personal jurisdiction comports with due process under the Constitution of the United States.

19. Defendants BHP-Fayetteville, BHP Marketing and BHP-Arkansas are wholly owned subsidiaries of a common parent company.

20. Upon information and belief, BHP-Fayetteville and BHP-Arkansas ("BHP Defendants") are operators and lessees of oil and gas leases and wells in the State of Arkansas. Upon information and belief, BHP Marketing is the midstream and marketing entity used by the BHP Defendants ("BHP Midstream Defendants").

21. Defendant Chesapeake Energy managed, directed and controlled the Chesapeake Defendants and the Chesapeake Midstream Defendants and their assets such that they were mere instrumentalities of each other, and these entities were the alter-egos of Defendant Chesapeake Energy (as well as each other). Defendant Chesapeake Energy, the Chesapeake Defendants and the Chesapeake Midstream Defendants are in fact the alter egos of each other and the corporate separateness of each of these defendants should be disregarded.

22. Defendant BP Production and BP Energy are managed, directed and controlled by a common parent company that owns 100% of these entities and their assets such that these entities were the mere instrumentalities of each other, and these entities were the alter-egos of the parent company (as well as each other). Defendants BP Production and BP Energy are in fact the alter egos of each other, and the corporate separateness of each of these defendants should be disregarded.

23. Defendants BHP-Fayetteville, BHP Marketing and BHP-Arkansas are managed, directed and controlled by a common parent company that owns 100% of these entities and their assets such that these entities were the mere instrumentalities of each other, and these entities were the alter-egos of the parent company (as well as each other).

Defendants BHP-Fayetteville, BHP Marketing and BHP-Arkansas are in fact the alter egos of each other, and the corporate separateness of each of these defendants should be disregarded.

24. Plaintiffs are mineral interest owners in Arkansas wells located in the Arkansas counties of Franklin and Van Buren, and the Class Members are mineral interest owners in Arkansas wells located in the State of Arkansas, including, but not limited to, Franklin and Van Buren Counties (the "Arkansas Wells").

25. Plaintiffs' and Class Members' oil, gas, and mineral interests in the Arkansas Wells are subject to various oil and gas leases pursuant to which they were drilled and completed. One or more of Defendants are or were the operators of the Arkansas Wells or, as non-operators, have separately marketed gas from the Arkansas Wells.

26. One or more of Defendants have paid royalties to Plaintiffs and Class Members covering their respective sales of production from the Arkansas Wells. Defendants have within their exclusive possession, custody and control the records that identify all persons to whom they have paid royalties for sales of gas from wells located in the State of Arkansas.

27. The amount in controversy exceeds $75,000, exclusive of interest and costs, as to each individual plaintiff. The amount in controversy in the Class Complaint exceeds $5,000,000, exclusive of interest and costs.

28. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332.

29. Pursuant to 28 U.S.C. § 1391(b), venue is proper in the Western District of Arkansas. The Arkansas Wells covered by the allegations of the Complaint are

exclusively located in the State of Arkansas, and one or more of the Arkansas Wells in which Plaintiffs own minerals are located in the Western District of Arkansas. One or more of Plaintiffs are citizens of the State of Arkansas, reside in the Western District of Arkansas, and their minerals are located in the Western District of Arkansas. One or more of the wrongful acts alleged herein occurred and caused damages to Plaintiffs and Class Members in the Western District of Arkansas. The gas that is the subject of this class action is exclusively produced in the State of Arkansas, and a portion of the gas is produced and sold in the Western District of Arkansas.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs bring this action as a Class Action and as the representatives of a Class pursuant Fed. R. Civ. P. 23 (b) (3). Plaintiffs seek the certification of a class ("the Class or Class Members") comprised as follows:

> All non-excluded persons or entities who are, or were, royalty owners in Arkansas wells where one or more of Defendants are or were the operators (or, as non-operators, separately marketed gas) under oil and gas leases. The Class Claims relate only to the proper payment for gas and its constituents (helium, residue gas, natural gas liquids, nitrogen and condensate) produced from the Class Wells located in the State of Arkansas. The Class does not include overriding royalty owners or other owners who derive their interest through the oil and gas lessee.
>
> The Class Claims shall not include royalty owners' claims in those wells and during those periods where Defendants were non-operating working interest owners and did not, through themselves or related entities, market their production and pay royalty.
>
> The persons or entities excluded from the Class are (a) all governmental entities, including federal, state and local governments and their respective agencies, departments, or instrumentalities; (b) the States and territories of the United States or any foreign citizens, states, territories or entities;

(c) the United States of America; (d) publicly traded oil and gas exploration companies and their affiliates; (e) owners of any non-operating working interest for which any of Defendants, or any of their agents or representatives, as operator, disburses royalty as required by Arkansas law; and (f) any persons or entities that Plaintiffs' counsel is, or may be, prohibited from representing under the Arkansas Rules of Professional Conduct.

31. Upon information and belief, the Class Members number in the thousands, and the Class is so numerous and spread out across the United States that joinder of all members is impracticable. The claims cover all royalty payments made by Defendants since they entered Arkansas and began doing business, including, but not limited to, payment of royalty in Arkansas's Arkoma and Fayetteville Shale gas basins and in any other wells in which Defendants own or owned working interests and have improperly paid royalty to Plaintiffs and Class Members.

32. One or more Defendants are or were owners of extensive oil and gas leasehold interests within the State of Arkansas, and operate or operated many wells drilled on leaseholds and units located within the State of Arkansas.

33. The averments of fact and questions of law herein are common to the Class. The claims asserted by Plaintiffs are typical of the claims of the Class.

34. Plaintiffs are mineral interest owners in the State of Arkansas where Defendants are, or were, the operators or, where they, as non-operators, separately marketed gas from the Arkansas Wells, including transactions where the gas was sold to one or more of Defendants. Plaintiffs' claims are typical of the Class Members' claims.

35. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests do not conflict with the interests of the Class. Plaintiffs are represented by counsel both skilled and experienced in oil and gas accounting and

complex civil litigation matters, including, but not limited to, oil and gas class actions. One or more of Plaintiffs' counsel have handled substantial complex oil and gas related litigation matters in the past.

36. The averments of fact and questions of law which are typical and common to the members of the Class predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The superiority of a class action is because:

(a) The questions of law and fact are so uniform across the Class that there is no reason why individual Class Members would want to control the prosecution of their own actions, at their own expense;

(b) To Plaintiffs' knowledge, there is no pending litigation against Defendants that fully incorporates all of the statewide claims of improper deductions from mineral interest proceeds related to the Class Wells, provided, however, the pending case of *Vanoven v. Chesapeake Energy Corporation*, Case No. 4:10-CV-158-BSM, United States District Court for the Eastern District of Arkansas, Western Division, purports to cover different claims than those asserted herein;

(c) The interests of all parties and the judiciary in resolving these matters in one forum without the need for a multiplicity of actions are great and substantial;

(d) The difficulties in managing this class action will be slight in relation to the potential benefits to be achieved on behalf of each and every Class Member, and not just those who can afford to bring their own actions;

(e) Defendants have, on a statewide basis, upon information and belief, fraudulently concealed all or a portion of their actions which give rise to the Class Members' causes of action. Many of the Class Members may never discover the wrongful acts of Defendants. Thus, in the absence of a class action, Defendants, through their class-wide concealment, may successfully be unjustly enriched to the detriment of the unknowing Class Members; and

(f) It will promote orderly, efficient, expeditious, and appropriate adjudication and administration of class claims to promote economies of time and resources.

## GENERAL ALLEGATIONS AND FACTUAL BACKGROUND

37. During the times at issue herein, one or more Defendants have acted as operators of the Arkansas Wells or they have, as non-operators, separately marketed gas from the Arkansas Wells. In addition, one or more Defendants have entered into non-arms length transactions with other Defendants relating to the sale of gas from the Arkansas Wells.

38. One or more Defendants have entered into sales arrangements that have resulted in a fraudulent scheme that reduces the amount of royalty paid to Plaintiffs and the Class. Upon information and belief, the fraudulent scheme includes the skimming of revenues from royalty payments to Plaintiffs and Class Members. In some instances, an affiliated transfer price was reported to the royalty owners as opposed to the true sales price at the point of delivery, thereby reducing the royalty paid to Plaintiffs and the Class. In other instances, the value reported to Plaintiffs and the Class was less than the value

received by Defendants in the first arms-length sale of gas, thereby allowing the affiliate to retain a specified share of the proceeds as a "fee," including fuel use and shrink incurred between the wellhead and the delivery point. These affiliated transactions were not disclosed to Plaintiffs or the Class. In addition, upon information and belief, Defendants used their position as operators and working interest owners to secretly underpay royalty due Plaintiffs and Class Members on gas and its constituents from the Arkansas Wells. Defendants accomplished this by means of improper deductions and reductions from royalty payments by: (1) taking gas from the Arkansas Wells and never paying for it – this was done, in part, by taking gas for fuel in compression, gathering and dehydration; (2) intentionally reporting false and misleading information to Plaintiffs and Class Members on their check stubs, including, but not limited to, (a) reporting gas sales volumes and not the wellhead or leasehold volumes, (b) failing to disclose fuel use and other reductions between the wellhead and delivery point, (c) failing to disclose non-arms length sales transactions, resulting in a lower price than the price that should have been paid, (d) representing and implementing charges that were not based on the actual cost incurred by one or more of Defendants, (e) failing to disclose that the deductions included costs that were not actually incurred by Defendants, and (f) failing to show that Defendants were recovering a profit and return on investment through deductions from the royalty due Plaintiffs and the Class Members; (3) deducting fees for compression, dehydration, treating, gathering and other costs that are not allowed; (4) charging costs and fees that were in excess of the actual cost incurred by Defendants; (5) charging costs and fees that were unreasonable; and/or (6) paying royalty on less than the true value required to be paid.

39. Upon information and belief, over time, Defendants have falsely reported the value of the gas production sold on Plaintiffs' check stubs by, in some instances, intentionally misrepresenting volumes on the check stubs as wellhead volumes, thereby leading Plaintiffs and Class Members to believe that they were being paid on the wellhead volumes, when, in fact, they were being paid on sales volumes in violation of Defendants' royalty obligations to Plaintiffs. Likewise, in some instances, the sales prices on which royalties were paid, as reflected on the check stubs sent to the Plaintiffs and Class Members, were misrepresented in that the sales prices were based on a non-arms length sales, and/or included unlawful and/or excessive deductions, were not based on wellhead volumes and/or did not include all the sales of all of the constituents of the gas. Upon information and belief, one or more Defendants have also falsely represented that they were paying royalty on all of the measured wellhead gas volumes, when they were actually paying royalty on less than the actual measured wellhead volumes.

40. Upon information and belief, Defendants' actions described above began in the mid to late 1990s in one form or another (and possibly before, as to some wells) and continue through today in various forms. Each of the Defendants have actively participated in the fraudulent scheme and profited at the expense of Plaintiffs and the Class Members. Defendants have failed to disclose, and have actively and fraudulently concealed, one or more of these actions from Plaintiffs and Class Members.

41. The relationship between Defendants and Plaintiffs is such that Plaintiffs have reasonably placed trust and confidence in each of the Defendants such that each Defendant will act as a fiduciary, quasi-fiduciary, and prudent operator and act in good faith with respect to its obligations to Plaintiffs and Class Members. Defendants have

shrouded the production and accounting functions in secrecy, and, therefore, Plaintiffs and Class members are deprived of critical information, including sales contracts, the amount of non-arms-length proceeds received for the sale of gas, fuel use, affiliated pricing mechanisms, actual costs incurred, profit margins, etc. Likewise, Defendants, upon information and belief, use a myriad of affiliates and affiliated transactions to manipulate and reduce the value used in making the royalty calculation. In essence, Defendants know that they can pay a lower price or make unlawful deductions, and Plaintiffs and Class Members are never the wiser because they have no way of knowing. Defendants' duties exist, separate and apart from the leases, based on the fact that Plaintiffs and Class Members must solely rely on Defendants. Defendants have accepted and agreed to these duties based, in part, on this confidential relationship and exclusive control of all information. At bare minimum, Defendants have failed to act as a reasonably prudent operator and lessee.

42. As explained above, Defendants use confidential internal royalty payment systems. The method and manner of payment has not been disclosed to Plaintiffs and Class Members. Defendants are also in exclusive possession, custody and control of all information concerning the calculation and payment of royalty. Plaintiffs and Class Members do not have access to this information and are compelled to rely on Defendants to accurately, fairly and honestly pay royalty to Plaintiffs and Class Members. As a result, Defendants have superior access to the information relating to the claims set forth herein. Defendants also have superior bargaining power *vis-à-vis* Plaintiffs.

43. Defendants have failed to obtain the highest market price for the gas. As a fiduciary, quasi-fiduciary and/or reasonably prudent operator and/or lessee, Defendants

are (a) held accountable to Plaintiffs and Class Members, (b) held to a higher degree of good faith in their dealings, and (c) not permitted to make or use their position to realize unauthorized benefits for their own personal interest at the expense of Plaintiffs and Class Members. Plaintiffs and Class Members have never had any reason to know that Defendants were not abiding by their duties. Defendants have an obligation and duty to place the gas into marketable condition and to pay Plaintiffs and Class Members their share of the revenue from the Arkansas Wells after the gas is in marketable condition. Upon information and belief, Defendants are violating their duties and obligations to Plaintiffs and Class Members by (a) deducting charges that are purportedly incurred to place the gas into marketable condition, (b) deducting improper or excessive gathering, compression, fuel, line loss, dehydration, and processing costs, and (c) transferring gas to affiliated entities at a price that does not comply with their obligations to Plaintiffs and Class Members.

44. Defendants knew, or should have known, that the method and manner in which they calculated and paid royalty to Plaintiffs was not in accordance with their obligations to Plaintiffs, including the statutory obligations imposed by the State of Arkansas, including, but not limited to, Ark. Code Ann. §§ 15-74-601 to -604 and Ark. Code Ann. § 15-74-708.

45. One or more Defendants have actively, intentionally and fraudulently concealed their conduct and actions from the Plaintiffs and Class Members by (a) taking gas and never paying for it – this was done, in part, by taking the gas for fuel in compression, gathering and dehydration; (b) intentionally reporting false and misleading information to Plaintiffs and Class Members on their check stubs, including, but not

limited to, (i) reporting sales volumes of gas production and not the wellhead or leasehold volumes, (ii) failing to disclose fuel use, (iii) failing to disclose non-arms length sales transactions, resulting in a lower price than the price that should have been paid, and (iv) failing to disclose that the deductions included costs that were not actually incurred by Defendants; (c) deducting fees for compression, dehydration, treating, gathering and other costs that are not allowed; (d) charging Plaintiffs and Class Members costs and fees that were in excess of the actual cost incurred by Defendants; (e) charging Plaintiffs and Class Members costs and fees that were unreasonable; and/or (f) paying Plaintiffs and Class Members less than the true value required to be paid.

46. Upon information and belief, one or more of Defendants underpaid Plaintiffs and Class Members. The methods used to underpay Plaintiffs and Class Members include, but are not limited to, one or more of the following methods:

(a) Defendants improperly deducted gathering, compression, dehydration and/or other charges to place the gas into marketable condition or deducted excessive and unreasonable charges;

(b) Defendants improperly deducted in-kind costs for placing the gas in marketable condition, such as fuel and line loss associated with compression, dehydration, gathering and processing;

(c) The volumes reflected on the check stubs are less than the actual and true value of the gas because Defendants failed to report higher wellhead volumes;

(d) Defendants paid royalty on non-arms-length contracts such that the price was not reflective of the true gross value and included improper deductions.

47. As set forth above, Defendants owe many duties to Plaintiffs and the Class Members in addition to their contractual and statutory duties. These duties include the duty to fully disclose the facts set forth above concerning the full and complete extent of the deductions to the royalty payments to Plaintiffs and Class Members. Rather than fully disclosing these facts, Defendants actively and fraudulently concealed the full extent of the charges.

48. Defendants have a duty to timely and accurately disclose to Plaintiffs and the Class Members the true gross value of the gas, and Defendants have failed to fulfill this duty. The true value of the gas includes the disclosure of all of the actions described in the preceding paragraphs. Defendants have a duty to pay royalty in accordance with Arkansas law, including, but not limited to, full disclosure of all information and data pertaining to deductions from their royalty and the measurement of their gas at the wellhead.

49. Defendants have a statutory duty to comply with the disclosure and payment obligations set forth in Arkansas law, in particular, the duties and obligations set forth in Ark. Code Ann. §§ 15-74-601 to -604 and Ark. Code Ann. § 15-74-708. Defendants have intentionally violated Arkansas law with the intent to deceive and defraud Plaintiffs and Class Members.

50. Defendants misrepresented and/or concealed from Plaintiffs and the Class Members as a whole important facts to the prejudice and damage of them. Defendants

failed in their duties owed to Plaintiffs and the Class to pay the proper royalties, to provide timely and accurate production and payment information, and not to misrepresent or conceal information. Upon information and belief, Defendants have falsely reported the gross value of the gas sold on Plaintiffs' check stubs. In some instances, Defendants have intentionally misrepresented prices and/or volumes on the check stubs, thereby leading Plaintiffs and Class Members to believe that they were being paid on wellhead volumes at the true value, when, in fact, they were being paid on lower sales volumes and prices, in violation of Defendants' royalty obligations to Plaintiffs and Class Members. Defendants' check details contained misrepresentations to Plaintiffs and the Class as a whole, and they were designed to lead them into a false sense of security by reflecting information that was represented to be true, accurate and honest. Defendants intended to lead Plaintiffs and the Class as a whole to rely on this information as true and accurate when it was not, and to believe that Defendants were following the law in paying royalties, reporting the true gross value of the gas, and reporting the true and actual and reasonable deductions incurred and taken by them.

51. Defendants have committed constructive fraud and deceit in the structuring and implementing of the method of disposition and sales of the gas in their actions and dealings with Plaintiffs and the Class Members as a whole. Defendants knew that the uniform check stub representations were false and intended that Plaintiffs and the Class Members as a whole rely upon the misrepresentations made upon the check stubs. Defendants' concealment and misrepresentations were made with reckless disregard for the truth.

52. As a result of Defendants' actions and breaches of duties and obligations, Defendants have failed to obtain the highest market price available for the gas, in part, as a result of intentionally disposing of such gas at below market prices, have made unlawful and/or unreasonable deductions to the royalties due Plaintiffs and the Class Members and/or under reported the actual volumes and prices of gas, thereby depriving and improperly paying the Plaintiffs and the Class their proper royalty amounts. As a result of Defendants' actions, Plaintiffs and the Class have not been paid the money due and owing them, which failure to pay constitutes a violation of the duties owed to them. Defendants have breached their duties in a tortious manner to the prejudice and damage of Plaintiffs and the Class. Defendants tortiously failed to fulfill these duties, including their statutory duties owed to Plaintiffs and the Class.

53. Plaintiffs and the Class Members did rely, to their detriment, upon the information on their check stubs as well as Defendants' common and uniform representations concerning full payment of royalty as being true and correct, as well as Defendants' other conduct set forth herein, including their misrepresentations that they were paying royalty on the true gross value of gas. Defendants have violated their obligations and duties owed to Plaintiffs and the Class. Defendants have kept money owed to Plaintiffs and the Class and reinvested such amounts in their business activities, thus potentially earning additional profits. Plaintiffs and the Class are entitled to an order of disgorgement of these profits and other benefits, if any.

54. Plaintiffs and the Class Members have suffered injury and damages as a result of the Defendants' conduct and actions as to them. Defendants are liable to Plaintiffs and the Class Members for damages.

55. Defendants' conduct was done intentionally, willfully, wantonly, and maliciously, and with reckless disregard of the rights of the Plaintiffs and the Class Members. Plaintiffs and Class Members are entitled to recover punitive damages against one or more of Defendants.

## FIRST CLAIM FOR RELIEF
## BREACH OF CONTRACT

56. As set out above, Plaintiffs and the Class entered into the oil and gas leases and one or more Defendants are the current lessee under the oil and gas leases. Defendants are required to pay royalties to Plaintiffs and the Class in accordance with express provisions in the leases.

57. As set forth above in detail, Defendants have breached the express terms of the oil and gas leases.

58. Plaintiffs and the Class did what their leases required of them.

59. Defendants' actions have damaged the Plaintiffs and the Class.

## SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT

60. As set forth above, the oil and gas leases between Plaintiffs and the Class and one or more of Defendants impose an implied covenant obligating the Defendants to place the gas produced from the Arkansas Wells into marketable condition.

61. One or more of Defendants have violated the implied obligation to market by taking various deductions from the royalty proceeds in order to place the production in marketable condition.

62. Plaintiffs and the Class did what their leases required of them.

63. Defendants' actions have damaged the Plaintiffs and the Class.

## THIRD CLAIM FOR RELIEF
## BREACH OF COMMON LAW AND STATUTORY DUTIES

64. As set forth above, Defendants are required to act as a reasonably prudent operator, a fiduciary, and a quasi-fiduciary, to act in good faith with respect to their obligations to Plaintiffs and Class Members and to comply with Arkansas statutory law with respect to disclosure and payment of royalty.

65. As set forth above, Defendants have breached their duties and obligations to Plaintiffs and Class Members.

66. As set forth above, Defendants failed to disclose material facts and have engaged in self-dealing. Defendants have violated their common law and statutory duties to Plaintiffs and Class Members and have caused damage to Plaintiffs and the Class.

## FOURTH CLAIM FOR RELIEF
## CONVERSION

67. As set out above, one or more Defendants intentionally exercised dominion and control over property belonging to the Plaintiffs and the Class which was inconsistent with their right to possess the property.

68. Defendants' actions have damaged the Plaintiffs and the Class.

## FIFTH CLAIM FOR RELIEF
## FRAUD

69. As set out above, Defendants made misleading and false representations of material fact which reduced the amount of royalty paid to the Plaintiffs and the Class. Additionally, Defendants fraudulently failed to disclose and concealed material facts and transactions which created misleading and false representations to the Plaintiffs and the Class.

70. Defendants had knowledge that the representations made to Plaintiffs and the Class were misleading and false and had knowledge that the facts and transactions not disclosed created misleading and false representations.

71. Defendants intended to induce action or inaction in reliance on the representations made and on the representations created by their failure to disclose.

72. Plaintiffs and the Class were justified in their reliance on the Defendants' representations.

73. Plaintiffs and the Class were damaged as a result of their reliance on Defendants' representations.

## SIXTH CLAIM FOR RELIEF
## CONSTRUCTIVE FRAUD

74. As set out above, Defendants made misleading and false representations of material fact which reduced the amount of royalty paid to the Plaintiffs and the Class. Additionally, Defendants fraudulently failed to disclose and concealed material facts and transactions which created misleading and false representations to the Plaintiffs and the Class.

75. Defendants had knowledge that the representations made to Plaintiffs and the Class were misleading and false and had knowledge that the facts and transactions not disclosed created misleading and false representations.

76. Defendants intended to induce action or inaction in reliance on the representations and on the representations created by their failure to disclose.

77. Plaintiffs and the Class were justified in their reliance on the Defendants' representations.

78. Plaintiffs and the Class were damaged as a result of their reliance on Defendants' representations.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF ARK. CODE ANN. §§ 15-74-601 to -604 and § 15-74-708**

79. As set out above, Defendants, without just cause, willfully withheld payments from the Plaintiffs and the Class, who are legally entitled to the proceeds from the production.

80. Defendants, in bad faith, withheld payments from the Plaintiffs and the Class, who are legally entitled to the proceeds from production.

81. Defendants' intentional failure to pay royalties due and owing on the true value received or that should have been received by each of them for the hydrocarbons constitutes a violation of Ark. Code Ann. §§ 15-74-601 to -604 and Ark. Code Ann. § 15-74-708.

82. Plaintiffs have provided written notice of nonpayment of the proceeds as required by Ark. Code Ann. § 17-74-603.

**EIGHTH CLAIM FOR RELIEF**
**DECEPTIVE TRADE PRACTICES**

83. As set out above, Defendants engaged in unconscionable, false and deceptive acts and practices in violation of Ark. Code Ann. § 4-88-107(a)(10), all of which damaged Plaintiffs and the Class.

84. Defendants fraudulently concealed their actions and the statute of limitations has been equitably tolled.

**NINTH CLAIM FOR RELIEF**
**ACCOUNTING AND CONSTRUCTIVE TRUST**

85. For the reasons set out above, Plaintiffs and the Class are entitled to an accounting concerning the true value of the hydrocarbon royalties and the amount of royalty which should have been paid by Defendants.

86. The Plaintiffs and the Class are entitled to the imposition of a constructive trust.

**TENTH CLAIM FOR RELIEF**
**UNJUST ENRICHMENT**

87. As set out above, Defendants have taken and received property belonging to Plaintiffs and the Class.

88. Defendants' acts have unjustly enriched each of them at the expense of Plaintiffs and the Class, resulting in an injustice.

**ELEVENTH CLAIM FOR RELIEF**
**ACCOUNTING—DISGORGEMENT OF PROFITS**

89. As set out above, Defendants have violated their obligations and duties owed to Plaintiffs and the Class.

90. Defendants have kept money owed to Plaintiffs and the Class and reinvested such amounts in their business activities thus potentially earning additional profits.

91. Plaintiffs and the Class are entitled to an accounting reflecting the amount of any additional profits and for an order of disgorgement of those profits and other benefits, if any.

**TWELFTH CLAIM FOR RELIEF**
**TEMPORARY AND PERMANENT INJUNCTIVE RELIEF**

92. The putative class members are, for the most part, owners of small mineral interests.

93. Each of the Defendants must be restrained from contacting any putative class member concerning the issues set forth in this Complaint, unless the Court is specifically advised of the proposed communication and approves the content and form of the communication. This judicial scrutiny is necessary to prevent the potential for abuse, including inadequate, misleading, incomplete or erroneous representations and communication and to prevent any intimidation, annoyance, harassment, or undue influence.

94. The Court has discretion to so restrain each Defendant and enter appropriate orders for the protection of putative class members and for the fair conduct of the action.

95. Defendants maintain files, including files in electronic media, containing the names and addresses of the putative class members and other royalty information concerning the amount and type of deductions. If Defendants were allowed to contact the putative class members in an attempt to settle the above claims for inadequate consideration, the damages to the putative class members would be irreparable and monetary damages would be insufficient, inadequate and probably unavailable to compensate them. The putative class members do not have another plain, adequate and speedy remedy at law to protect their interests.

96. Based on the fact that Defendants have concealed one or more aspects of their actions from the Class for years, no detriment will result to Defendants from such an order. The putative class members would receive the protection of Fed. R. Civ. P. 23, which requires that no compromise of any claims be made without approval of the court upon appropriate notice to all Class Members.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against each Defendant and in favor of themselves and the Class, for the following relief:

(a) Certify this case as a class action pursuant to Fed R. Civ. P. 23 and appoint Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

(b) Money damages, the amount of which is presently unknown, but is believed to be in excess of $5,000,000;

(c) As a result of Defendants' actions, including their unjust enrichment, Plaintiffs and the Class pray that each Defendant be required to disgorge all monies, consideration, and other value obtained by such Defendant as a result of a violation of their obligations and duties to the Plaintiffs, together with such profits, if any, Defendant has realized from its actions, including its unjust enrichment;

(d) Punitive damages as a result of each Defendant's malicious, wanton, willful, intentional, and reckless disregard for the rights of the Plaintiffs and the Class as a whole, in an amount sufficient to punish each Defendant and to deter such conduct in the future, which amount shall be determined by the jury;

(e) Statutory damages, interest and/or penalties under Arkansas law, including Ark. Code Ann. §§ 15-74-601 to -60, Ark. Code Ann. § 15-74-708 and Ark. Code Ann. § 4-88-101 et seq.;

(f) An accounting, including an accounting showing the true value of royalty that should have been paid to Plaintiffs and the Class;

(g) Costs, including reasonable attorneys' fees and litigation and other expenses and fees, including experts' fees, as permitted by law;

(h) Injunctive and other provisional relief as set forth herein; and

(i) Such other relief in law and equity, including, without limitation, costs incurred by Plaintiffs and the Class, pre-judgment interest, post-judgment interest, and any other relief to which Plaintiffs and the Class show themselves to be entitled.

**PLAINTIFFS DEMAND A TRIAL BY JURY.**

**ATTORNEY'S LIEN CLAIMED**

DATED: March 5, 2013.

Dennis A. Caruso
OBA # 11786
dcaruso@carusolawfirm.com
Mark A. Smith
OBA # 31231
msmith@carusolawfirm.com
CARUSO LAW FIRM, P.C.
The Colonial Building
1325 East 15th Street, Suite 201
Tulsa, OK 74120
(918) 583-5900

SHULTS & BROWN, LLP
200 West Capitol Avenue, Suite 1600
Little Rock, AR 72201-3637
(501) 375-2301

By: Steven Shults
Steven Shults
Ark. Bar No. 78139
sshults@shultslaw.com

Debra K. Brown
Ark. Bar No. 80068
dbrown@shultslaw.com

*Attorneys for Plaintiffs*