IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CANAAN WILDLIFE PRESERVE, INC. et al                                    PLAINTIFFS

V.                                          NO.  13-2064

CHESAPEAKE ENERGY CORPORATION, et al                                    DEFENDANTS

MAGISTRATE JUDGE'S REPORT and RECOMMENDATION

Before the court is the Motion to Dismiss (ECF No. 33)filed by BHP Billiton Petroleum (Fayetteville) LLC, BHP Billiton Petroleum (Arkansas) Inc,, and BHP Billiton Marketing, Inc. (collectively, the "BHP" defendants) on April 23, 2013; the Notice to Adopt (ECF No. 36) filed by Chesapeake Energy Corporation, Chesapeake Operating, Inc., Chesapeake Energy Marketing, Inc., Chesapeake Midstream Operating, LLC, Arkansas Midstream Gas Services Corp., and Chesapeake Midstream Gas Services, LLC (collectively, the "Chesapeake Defendants" or "Chesapeake") adopting the Motion to Dismiss filed by BHP.

In addition BP America Production Company and BP Energy Company (collectively the "BP Defendants" or "BP") has filed a Motion for a More Definite Statement of the Complaint (ECF No. 37). The above motions were referred to the undersigned on September 25, 2013.

**Background:**

The Plaintiffs filed the current action on March 6, 2013 alleging that they are a representative class of:

> "All non-excluded persons or entities who are, or were, royalty owners in
> Arkansas wells where one or more of Defendants are or were the operators (or,
> as non-operators, separately marketed gas) under oil and gas leases. The
> Class Claims relate only to the proper payment for gas and its constituents
> (helium, residue gas, natural gas liquids, nitrogen and condensate) produced

Page -1-

from the Class Wells located in the State of Arkansas. The Class does not include overriding royalty owners or other owners who derive their interest through the oil and gas lessee." (ECF No. 1, ¶30)

The complaint then recites eleven claims for relief (Id., ¶¶ 56-91) and request temporary and permanent injunctive relief. (Id., ¶¶ 92-96).

The Defendant's Motion to Dismiss claims that the **1)** Plaintiffs have failed to demonstrate standing to pursue claims against Defendants (ECF No. 34, p. 4); **2)** Plaintiffs fail to state a claim on which relief may be granted (Id., p. 5); **3)** Plaintiffs fraud allegations fail to satisfy Rule 9(b); **4)** Plaintiffs should be required to plead more specifically (Id., p. 10); and **5)** Plaintiffs should be required to join indispensable parties (Id., p. 11).

**Discussion:**

To survive a motion to dismiss, a complaint must contain sufficient facts which, if accepted as true, state a claim for relief that is plausible on its face. *See Vanoven v. Chesapeake Energy Corp*. 2011 WL 1042251, 1 (E.D.Ark.) (E.D.Ark.,2011) citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A claim is plausible where the plaintiff pleads factual content that would allow a court to draw the reasonable inference that defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief. *Levy v. Ohl,* 477 F.3d 988, 991 (8th Cir. 2007).

**1. Standing**

The Defendants contend that the Plaintiff's "Complaint fails to establish that any of the Plaintiffs possess standing to pursue claims against any particular Defendant because none of

Plaintiffs alleges that he, she, or it has been underpaid royalties by any particular Defendant. Instead, Plaintiffs claim only that each of them possessed an interest in a well operated by "one or more Defendants." Doc. No. 1, ¶¶ 24-26. As such, Plaintiffs' Complaint fails to establish that they possess standing, and the Complaint should be dismissed." (ECF No. 34, p. 5).

Standing is a "threshold inquiry" and "jurisdictional prerequisite that must be resolved before reaching the merits of a suit." *See Medalie v. Bayer Corp.* 510 F.3d 828, 829 -830 (C.A.8 (Minn.),2007), citing *City of Clarkson Valley v. Mineta*, 495 F.3d 567, 569 (8th Cir.2007) (internal quotation omitted). The constitutional minimum of standing requires an "injury in fact," "a causal connection between the injury and the conduct complained of," and a likelihood "the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992) (internal quotations omitted).

Plaintiffs allege in their Complaint that one or more Defendants are, or were at one time, responsible for the payment of their royalty on natural gas production from the Arkansas Wells (ECF No. 1, ¶38) and have acted to deprive them of their rightful royalty through various schemes and artifices. (ECF No. 1, ¶38-39). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." Id.

The court notes that a similar issue was addressed in the Eastern District in a case involving the same Defendants. (*See Vanoven v. Chesapeake Energy Corp.*, et al., 2011 WL 1042251). Judge Miller specifically found that the Plaintiff had "pled sufficient facts to set forth a plausible claim that the BP defendants underpay royalty owners. Compl. ¶¶54-67" and that various Chesapeake Energy defendants act as alter egos of one another in order to "thwart

discovery, shield liability, and provide an additional layer of secrecy and complexity to deter royalty owners from obtaining full compensation." Compl. ¶ 69. The complaint also alleges that Chesapeake Energy uses its affiliates to manipulate oil prices, which adversely effects the proceeds paid to individual royalty owners. Id. ¶ 63. (Id.).

These paragraphs contain the same kind of grouping of allegations and language that are contained in the present complaint. Specifically paragraph 63 of the Vanoven complaint provided:

> 63. Upon information and belief, the Chesapeake and BP Defendants underpaid Plaintiff and the class in one or more of the following ways without limitation:
>
> a) Improperly deduct processing fees related to obtaining marketable natural gas. Natural gas royalties should be paid only on arms-length sales. The Chesapeake and BP Defendants should account for any differences between what proper pricing would yield and pricing actually used.
>
> b) Plaintiff and class members wells produced heavy hydrocarbons that condense in the pipeline and are recovered but the Chesapeake and BP Defendants failed to pay any royalty for that condensate.
>
> c) The starting price paid for natural gas is too low because of, among other things, self dealing sales prices to affiliates being included among the prices used for royalty calculation purposes;
>
> d) The volume paid to royalty owners and reflected on their checkstubs is less than is produced from the wells because of, among other things, the Chesapeake and BP Defendants improperly deduct in-kind gas used in the gathering and processing, and lost gas in the gathering line; and
>
> e) Deducting (in-kind) costs for placing the gas in marketable condition, such as gathering, treating, conditioning, dehydrating, compressing, processing, or other deductions is improper;

The court in Vanoven refused to dismiss the case and the court believes the reasoning there to be sound and that, at this stage of the proceedings, the standing of the Plaintiffs has been

established and the Motion to Dismiss should likewise be denied.[1]

## 2. Failure to State a Claim

The Defendants next contend that the Plaintiff's fail to state a claim. (ECF 34, p. 5) and argues that because "Plaintiffs' Complaint fails to satisfy Rule 8's pleading standard, it is subject to dismissal under Rule 12(b)(6) for failure to state a claim on which relief may be granted. *See Tatone v. SunTrust Mortg., Inc.*, 857 F. Supp. 2d 821, 831 (D. Minn. 2012) ("A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant.")."

The Plaintiff's complaint is not in the same vane as the complaint in Tatone. Here the complained of conduct is the same for all defendants the Plaintiff has just not alleged which leasehold interest is controlled by which Defendant and contends that they cannot do so until further discovery is completed. "Rule 8 does not, however, require a plaintiff to plead 'specific facts' explaining precisely how the defendant's conduct was unlawful." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 595 (8th Cir. 2009)(citing *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)(per curiam)). "Rather, it is sufficient for a plaintiff to plead facts indirectly showing unlawful behavior, so long as the facts pled 'give the defendant fair notice of what the claim is and the grounds upon which it rests'[] and 'allow[] the court to draw the reasonable inference' that the plaintiff is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*(citing Bell Atl.*

---

[1] The court did dismiss the Joint Venture claim, the claim against Smith and Associates, and the claim for an Equitable Accounting. (4:10-cv-00158, pp. 13-14).

*Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

Plaintiffs allege that one or more of these two Defendants have acted as operator of wells in which Plaintiffs and class members own a royalty interest, or they have, as nonoperators, separately marketed gas from the wells in which Plaintiffs and class members own a royalty interest. Complaint at ¶ 37. Plaintiffs have also made factual allegations that each of these Defendant groups participated in causing improper deductions from Plaintiffs' royalties and used transactions with their affiliates to reduce the proceeds from the sale of natural gas from Plaintiffs and thereby reduced the royalty payment to Plaintiffs and increased the profits of their parent company. Complaint at ¶38. Finally, Plaintiffs assert that "[t]he claims cover all royalty payments made by Defendants since they entered Arkansas and began doing business, including, but not limited to, payment of royalty in Arkansas's Arkoma and Fayetteville Shale gas basins and in any other wells in which Defendants own or owned working interests and have improperly paid royalty to Plaintiffs and Class Members." Complaint at ¶31. Thus, the Complaint properly alleges that each Defendant participated in causing the underpayment of Plaintiffs' royalties through the taking of improper deductions. The method, specifics, concealment, mode and extent of each Defendant's participation in causing the underpayment of Plaintiffs' royalty are issues to be addressed during discovery.

Plaintiffs made other factual allegations besides common ownership and management that "indirectly show[] unlawful behavior" perpetrated through the corporate form. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d at 595. Plaintiffs allege that these two Defendants have reported an affiliate transfer price on Plaintiffs' check stubs instead of the price received at the delivery point, allowing the affiliate to book the excess proceeds. Complaint at ¶38. In addition, Plaintiffs

allege that these Defendants reported a value less than that received in the first arm's-length sale of the gas, allowing the affiliate to retain a share of the proceeds as a fee, including gas production used as fuel and lost to system shrink in the affiliate's operations. Id. These allegations are not mere legal conclusions; "they are allegations of specific conduct used to defraud Plaintiffs and the other lessors of their royalty payments." *Vanoven v. Chesapeake Energy Corp.*, 2011 U.S. Dist. LEXIS 36057 at *6, 2011 WL 1042251 (E.D. Ark. March 22, 2011).

The court believes that the complaint has properly stated a claim under the Rules.

**3. Fraud Allegation:**

The Defendant next contends that the Plaintiff's Fraud allegation is insufficient to satisfy the requirements of Rule 9(b).

Rule 9(b) states that in "alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." F.R.Cv.P., Rule 9(b). "No single concern controls whether a pleading meets the requirements of Rule 9(b), but, rather, the Eighth Circuit has observed:

> The sufficiency of a pleading must largely depend upon the nature of the case, the complexity or simplicity of the transaction or occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse party and enable him to prepare a responsive pleading."

*Burt v. Danforth,* 742 F. Supp. 1043, 1051 (E.D. Mo. 1990)(*citing Payne v. United States*, 247 F.2d 481, 486 (8th Cir. 1957)).

"Courts must be sensitive to the fact that application of Rule 9(b) prior to discovery 'may

permit sophisticated defrauders to successfully conceal the details of their fraud.'" *Craftmatic Sec. Litigation v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. 1989) (*citing Christidis v. First Pennsylvania Mortgage Trust*, 717 F.2d 96, 99-100 (3d Cir. 1983)). "Particularly in cases of corporate fraud, plaintiffs cannot be expected to have personal knowledge of the details of corporate internal affairs." Id.

      Plaintiffs allege that these two Defendants have reported an affiliate transfer price on Plaintiffs' check stubs instead of the price received at the delivery point, allowing the affiliate to book the excess proceeds. Complaint at ¶38. In addition, Plaintiffs allege that these Defendants reported a value less than that received in the first arm's-length sale of the gas, allowing the affiliate to retain a share of the proceeds as a fee, including gas production used as fuel and lost to system shrink in the affiliate's operations. Id.

      Plaintiffs allege that these Defendants "have shrouded the production and accounting functions in secrecy" depriving Plaintiffs of critical information concerning the proper calculations of their royalties and that Defendants use of "affiliated transactions to manipulate and reduce the values used in calculating royalty" "began in the mid to late 1990s." Complaint at ¶¶ 40-41. Plaintiffs also allege that Defendants are "in exclusive possession, custody and control of all information concerning the calculation and payment of royalty. Plaintiffs and Class Members do not have access to this information and are compelled to rely on these Defendants to accurately, fairly and honestly pay royalty to Plaintiffs and Class Members." Complaint at ¶ 42.

      In a very similar case involving the same Defendants in the Eastern District of Arkansas the court noted that the Plaintiff had pled "sufficient facts to make out a plausible claim that the Chesapeake defendants had act variously in concert to perpetrate fraud, she has sufficiently made

out a claim against each individual defendant, at least for purposes of a motion to dismiss."
*Vanoven v. Chesapeake Energy Corp.*, 2011 U.S. Dist. LEXIS 36057 at *5, 2011 WL 1042251 (E.D. Ark. March 22, 2011).  The court made this determination notwithstanding the fact that the plaintiffs in Vanoven did not specify "exactly what constituent part of her harm each particular Chesapeake defendant [had] perpetuated.

The court believes that the complaint has sufficiently plead specific acts of fraud to satisfy the Rule 9 requirement.

**4.  More Definite Statement:**

In the alternative, the BHP and Chesapeake Defendants ask the Court to require Plaintiffs to file a more definite statement if the Court does not dismiss the Complaint. Although not seeking dismissal of the Complaint, BP joins in the request for the filing of a more definite statement under Rule 12(e).

The fact that the Complaint uses "one or more Defendants" or "Defendants" does not make the claims unintelligible or ambiguous. "If Plaintiff's claim in the Complaint is sufficiently definite to enable the Defendant to know what is charged, it is sufficiently definite to overcome a Rule 12(e) Motion as the Defendant is reasonably able to respond, knowing whether or not it did the things charged." *Usery v. International Brotherhood of Teamsters*, etc., 72 F.R.D. 581, 582, 1976 U.S. Dist. LEXIS 12300, *3 (W.D. Okla. 1976).

Defendants are sophisticated energy companies with extensive experience with royalty litigation and databases containing easily searchable documents, including oil and gas leases, division orders, royalty payment information, and copies of check stubs. The Complaint contains sufficient allegations for Defendants to know whether or not they took deductions from their

royalty owner payments, whether they use affiliated transactions in marketing gas from Arkoma and Fayetteville Shale basin wells, and whether they reported misleading information or concealed certain information on their royalty owner check stubs.

**5. Additional Parties:**

The BHP and Chesapeake Defendants seek relief under Rule 19 claiming that the Plaintiff should be required to join indispensable parties. (ECF No. 34, p. 11). The Defendants argue that "Plaintiffs' allegations make clear that they must join as indispensable parties the nonoperator working interest owners of any gas well at issue that is part of a drilling unit created by the Arkansas Oil and Gas Commission" (Id.) and "to the extent Plaintiffs seek to collect purported royalty underpayments that are attributable to amounts due **from the other working interest owners** required to contribute toward the statutory royalty provided by § 15-72-305, all of the working interest owners who participate in the wells from which Plaintiffs derive their interest are necessary and indispensable parties in this action..

Plaintiffs nowhere in their Complaint allege that Defendants are responsible for royalty "attributable to amounts due from the **other working interest owners**" who separately market their share of gas. Plaintiffs assert that each Defendant is liable to the royalty owners to whom they have remitted royalties for their proportionate share of production from wells where Defendants, individually, either (a) served as operator or (b) separately marketed their share of production and remitted royalties through the operator. Complaint at ¶¶ 25-26.

## Conclusion:

Based upon the above I recommend that the Motion to Dismiss for Failure to State a Claim (ECF No. 33) and (ECF No. 36) be DENIED and that the Motion for a More Definite

Statement of Complaint (ECF No. 37) be DENIED.

      The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

      Dated this 1st day of October 2013.

                                          /s/ *J. Marschewski*
                                          HONORABLE JAMES R. MARSCHEWSKI
                                          CHIEF UNITED STATES MAGISTRATE JUDGE