IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CANAAN WILDLIFE PRESERVE, INC.,
an Arkansas corporation, *et al*.                                                   PLAINTIFFS


VS.                              CASE NO. 2:13-CV-2064


CHESAPEAKE ENERGY CORPORATION, *et al.*                                                   DEFENDANTS

**ORDER**

Before the Court is the Report and Recommendation filed October 1, 2013 by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 49). Judge Marschewski recommends that Defendants' Motions to Dismiss (ECF Nos. 33 & 36) and Motion for More Definite Statement (ECF No. 37) be denied. All of the Defendants have filed objections. (ECF Nos. 50-52). Plaintiffs have filed a response. (ECF No. 53). The BHP Defendants have filed a reply. (ECF No. 54). After reviewing the record *de novo*, the Court adopts Judge Marschewski's Report and Recommendation as its own.

**BHP and Chesapeake Defendants Motions to Dismiss**

Defendants BHP Billiton Petroleum (Fayetteville), LLC; BHP Billiton Petroleum (Arkansas), Inc.; and BHP Billiton Marketing, Inc. (collectively, the "BHP Defendants") have filed objections (ECF No. 51) relating to the recommended denial of their Motion to Dismiss. (ECF No. 33). Defendants Chesapeake Energy Corporation, Chesapeake Operating, Inc., Chesapeake Energy Marketing, Inc., Chesapeake Midstream Operating, LLC, Arkansas Midstream Gas Services Corp., and Chesapeake Midstream Gas Services, LLC (collectively, the "Chesapeake Defendants" or "Chesapeake") have joined the BHP Defendants' objections. (ECF No. 52).

The BHP and Chesapeake Defendants filed Motions to Dismiss (ECF Nos. 33 & 36) contending that Plaintiffs' Complaint fails to establish standing; fails to state a claim; and fails to plead fraud with sufficient specificity.  Judge Marschewski found all three arguments unavailing.  The Court agrees.

Judge Marschewski found that, at this stage of the proceedings, Plaintiffs' Complaint sufficiently establishes standing.  Plaintiffs allege in their Complaint that one or more Defendants are, or were at one time, responsible for the payment of their royalty on natural gas production from the Arkansas Wells (ECF No. 1, ¶38) and have acted to deprive them of their rightful royalty through various schemes and artifices. (ECF No. 1, ¶38-39).  As noted by Judge Marschewski, the constitutional minimum of standing requires an "injury in fact," "a causal connection between the injury and the conduct complained of," and a likelihood "the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S.Ct. 2130 (1992) (internal quotations omitted).  "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." *Id.*

While Plaintiffs' Complaint does not contain much specificity as which Defendants are responsible for certain conduct, Plaintiffs have clearly alleged that they have been injured by being deprived of royalty dollars and that this deprivation is traceable to one or more of the Defendants' actions.  Plaintiffs argue that discover will be necessary to "bring to light exactly which working interest owners separately market gas from Plaintiffs' wells, and the details of each Defendant's internal marketing and royalty accounting practices."  (ECF No. 53, p. 4).  Under these circumstances, the Court agrees with Judge Marschewski that Plaintiffs' allegations against Defendants are sufficient to establish standing at this stage in the proceedings.

The BHP and Chesapeake Defendants also argue that Judge Marschewski erred in finding that Plaintiffs' allegations satisfy the pleading standard of Federal Rule of Civil Procedure 8(b).  These Defendants argue that Plaintiffs' allegations are insufficient because Plaintiffs have "lumped together" multiple Defendants in their allegations.  Judge Marschewski noted that, in this case, allegations referring to Defendants collectively was acceptable because "the complained of conduct is the same for all defendants the Plaintiff has just not alleged which leasehold interest is controlled by which Defendant and contends that they cannot do so until further discovery is completed."  (ECF No. 49, p. 5).  The Court agrees.  Plaintiffs have sufficiently alleged that each of these Defendants' actions caused the underpayment of Plaintiffs' royalties through the taking of improper deductions.  In other words, the facts provided by Plaintiffs have given Defendants fair notice of the claims against them and the grounds upon which they rest.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  The specifics regarding the extent of those deductions and how they were accomplished will be properly addressed during discovery.

Finally, the BHP and Chesapeake Defendants argue that Judge Marschewski erred in finding that Plaintiffs' fraud allegations satisfy Fed. R. Civ. Pro. 9(b)'s heightened pleading standard.  Again, these Defendants argue that Plaintiffs' fraud allegations are insufficient because Plaintiffs have lumped together multiple Defendants in their allegations.  While Plaintiffs do generally refer to "one or more Defendants," their fraud allegations are very detailed.  (See Complaint, ECF No. 1 at ¶ 38).  Judge Marschewski included an excellent summary of Plaintiffs' fraud allegations in his Report and Recommendation and carefully considered the scheme that was allegedly perpetrated by the Defendants in this case.  While Plaintiffs do not specify exactly which Defendant perpetrated each particular part of the alleged scheme, the Court agrees with Judge Marschewski that Plaintiffs have included enough

detailed information about how the fraud was perpetrated to survive a motion to dismiss. Plaintiffs have supplied enough information to put Defendants on notice of what type of fraud is alleged to have taken place, when it took place, where it took place, and how it took place. *See Great Plains Trust Co. v. Union Pac. R.R. Co.*, 492 F.3d 986, 995 (8th Cir. 2007). Plaintiffs are entitled to conduct discovery that may illuminate which Defendants committed specific aspects of the alleged fraudulent scheme.

### BP, BHP, and Chesapeake Defendants' Motions for More Definite Statement

Defendants BP America Production Company and BP Energy Company (collectively "BP") and the BHP and Chesapeake Defendants have filed objections (ECF Nos. 50-52) relating to the recommended denial of their motions for a more definite statement. (ECF Nos. 33, 36-37).

The Court has already addressed Plaintiffs' allegations against the BHP and Chesapeake Defendants and has found the allegations to be sufficient to survive a motion to dismiss. For the same reasons, Plaintiffs' allegations are sufficient to warrant the denial of the BHP and Chesapeake Defendants' motions for a more definite statement. *In re Potash, 3-93-197*, 1994 WL 1108312 at *11 (D. Minn. Dec. 5, 1994) ("The Federal Rules of Civil Procedure are construed in synchrony, such that a Rule 12(e) Motion will not be granted when the Complaint satisfies the 'notice pleading' requirements of Rule 8.").

The BP Defendants did not file a motion to dismiss Plaintiffs' claims. Rather, they filed only a Motion for More Definite Statement. For many of the same reasons discussed above in relation to BHP and Chesapeake's motions to dismiss, the BP Defendants' Motion for More Definite Statement should be denied.

The BP Defendants make two primary objections to the Report and Recommendation. First, the BP Defendants argue that Plaintiffs' allegations are insufficient because Plaintiffs did not attach the oil

and gas leases referenced in the Complaint.  The BP Defendants argue that the oil and gas leases must be attached "in order for the BP Defendants to reasonably determine whether or not either of them breached a duty owed to Plaintiffs...."  (ECF No. 50, p. 5).  The Court disagrees.  Judge Marschewski correctly pointed out that the Complaint contains sufficient information that will enable the BP Defendants to identify the leases in question by using resources at their disposal.

The BP Defendants also object to Judge Marschewski's handling of Plaintiffs' references in the Complaint to "one or more Defendants."  The BP Defendants argue that because Plaintiffs have made claims against Defendants with different roles (i.e. operator versus non-operater with a working interest versus gas marketer), Plaintiffs' references to "one or more Defendants" are too vague.  Judge Marschewski concluded that Plaintiffs' references to "one or more Defendants" were sufficient to put the BP Defendants on notice of the claims made against them: "[t]he Complaint contains sufficient allegations for Defendants to know whether or not they took deductions from their royalty owner payments, whether they use affiliated transactions in marketing gas from Arkoma and Fayetteville Shale basin wells, and whether they reported misleading information or concealed certain information on their royalty owner check stubs."  (ECF No. 49, p. 9-10).  The Court agrees.  While Plaintiffs did not attach check stubs to the Complaint or submit specific information regarding which deductions were taken by which defendant, Plaintiffs have submitted sufficient information to provide each Defendant with notice of the claims made against them.  The evidentiary material requested by the BP Defendants is simply not required at this stage.  The specifics regarding the extent of the alleged deductions and precisely which Defendants are responsible for certain deductions will be properly addressed during discovery.

The Court overrules Defendants' objections and adopts Judge Marschewski's Report and Recommendation (ECF No. 49).  For the reasons stated herein and above, as well as those contained in

the Report and Recommendation, Defendants' motions to dismiss and motions for more definite statement (ECF Nos. 33, 36-37) are hereby **DENIED**.

      **IT IS SO ORDERED**, this 27th day of February 2014.

                                         /s/ Susan O. Hickey
                                        Susan O. Hickey
                                        United States District Judge