IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CANAAN WILDLIFE PRESERVE, INC.,
 an Arkansas corporation, et al.                                                    PLAINTIFFS

VS.                                        No. 13-2064

CHESAPEAKE ENERGY CORPORATION, et al.                          DEFENDANTS

### PROTECTIVE ORDER

To protect confidential information sought or used in discovery in this Cause No. 13-2064 and any appeals herefrom (the "Proceeding"), the Court hereby ORDERED AS FOLLOWS:

1. As used in this Order:

    (a) "Party" shall refer to any Plaintiff, Defendant, or Intervenor in this lawsuit, and "Parties" refers to Plaintiffs, Defendants, and any Intervenors collectively.

    (b) The terms "third party" or "third parties" shall refer to persons or entities who are not parties to this lawsuit, including but not limited to putative members of the class Plaintiffs seek to represent.

    (c) The term "discovery material" shall include:

        (i) The record of depositions and transcripts created in the Proceeding;

        (ii) The testimony given upon any deposition in the Proceeding; and

        (iii) Documents and things produced in the Proceeding pursuant to discovery, subpoena, voluntarily or otherwise.

    (d) "Confidential material" or "Confidential – Attorneys' Eyes Only material" shall refer to any discovery material, or any portion thereof, which contains information that any Party or third party considers confidential, proprietary, or competitively sensitive, including but not limited to financial information, business planning or development information, customer

451575.2

information, personal employee information, commercial information, competitive information, research or any information designated by a Party as Confidential material or Confidential – Attorneys' Eyes Only material as provided herein.

    2.    Any Party or third party producing or receiving any discovery material may designate all or any portion or portions thereof as Confidential material or Confidential – Attorneys' Eyes Only material.  Subject to the provisions of paragraph 14 of this Order, any discovery material so designated shall constitute Confidential material or Confidential – Attorneys' Eyes Only material and is subject to the terms hereof.

    3.    The designation of Confidential material or Confidential – Attorneys' Eyes Only material may be made

    (a)    in the case of discovery material other than that described in paragraph 1(c)(ii) by placing or affixing thereon, in such a manner as will not interfere with the legibility thereof, the following legend or other appropriate notice to such effect:

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY"

or

    (b) in the case of discovery material described in paragraph 1(c)(ii), by either (1) stating orally on the record of the deposition that certain information or exhibits are Confidential or Confidential – Attorneys' Eyes Only or (2) sending written notice designating such information, testimony, or exhibits as Confidential or Confidential – Attorneys' Eyes Only within thirty (30) days of receipt of the deposition transcript.  Prior to expiration of those thirty (30) days, or until it is otherwise designated, whichever comes first, all deposition testimony shall be deemed Confidential.

451575.2

4. Any discovery material covered by such legend or notice and any discovery material with a cover page containing such legend or notice, and the information contained therein, shall be deemed Confidential material or Confidential – Attorneys' Eyes Only material in its entirety unless the Party or third party designating the material as Confidential shall clearly indicate thereon that only a portion thereof is to be covered by the notice of confidentiality.

5. Unless and until otherwise ordered by the Court, discovery materials designated as Confidential and the contents thereof shall be disclosed only as follows:

    (a) Confidential material and the contents thereof may be disclosed to counsel for named Parties and persons regularly employed in the office of such counsel. Disclosure may also be made to court personnel, subject to the terms and provisions of this Order and paragraph 8 herein.

    (b) Confidential material and the contents thereof may be disclosed to Parties and officers, directors, or employees of a Party assisting in the evaluation, prosecution, or defense of this Proceeding, and non-party experts who are actively engaged in the conduct of this litigation and have actual need to see the material or know the contents thereof in connection with that engagement, provided that such persons are first given a copy of this Order and provided each executes a written statement, a copy of which is attached hereto as Exhibit 1 and made a part hereof, that (1) said person has read and understands this Order; (2) pursuant to this Order, said person shall not use or divulge any Confidential material except as essential to the prosecution or defense of the above-captioned lawsuit, and only to the Court and persons listed in 5(a) and 5(b) of this Order; (3) said person understands that the unauthorized use or disclosure of the Confidential material or their contents constitutes contempt of Court; and (4) said person

3

consents to this Court's venue and exercise of personal jurisdiction over him or her to enforce this Order or address any violation thereof.

6. Except with the prior written consent of the person(s) designating a document to be stamped as Confidential – Attorneys' Eyes Only, or Order of this Court in accordance with paragraph 14 below, no document stamped Confidential – Attorneys' Eyes Only, or the contents thereof, may be disclosed to any person other than (1) legal counsel for the Parties in this action, including in-house or outside counsel, or (2) retained experts of the Parties who execute a statement in the form attached as Exhibit 1. This paragraph applies to any document that bears the legend (or that shall otherwise have had the legend recorded upon it in a way that brings it to the attention of a reasonable examiner) CONFIDENTIAL – ATTORNEYS' EYES ONLY to signify that it contains information intended only for disclosure to outside counsel for the Parties in this Proceeding and who are actively engaged in the conduct of this litigation. Notwithstanding this Protective Order, nothing shall prevent any Party or third party from disclosing Confidential or Confidential – Attorney's Eyes Only material so designated by such Party or third party to its own representatives, employees, agents, or other persons it deems necessary.

7. If any Party or third party produces documents that are not designated as Confidential, such documents shall still be considered as Confidential under this Protective Order for at least twenty-one (21) days from the time that each Party to this action has received such documents. If at the end of such period, any Party believes that the documents should be permanently designated as Confidential or Confidential – Attorneys' Eyes Only, that Party should first notify the third party that the documents should be so designated. If the third party declines to so designate the documents, the third party and the proposed designating Party shall

4

451575.2

confer in an effort to resolve the dispute by informal means. If they cannot reach an agreement, the Party seeking the designation as confidential may move the Court for an order designating the documents as Confidential or Confidential – Attorneys' Eyes Only. The Parties, in conjunction with any third party, may, by stipulation, provide for exceptions to this Protective Order for certain documents produced by any third party.

8. All Confidential material and Confidential – Attorneys' Eyes Only material and its contents shall be used and/or disclosed solely for the purpose of the direct prosecution or defense of the Proceeding and for no other purpose whatsoever, and shall not be disclosed to any person except in accordance with the terms of this Order. No Party or any director, officer, employee, agent, or attorney for any Party shall use or permit to be used any Confidential material or Confidential – Attorneys' Eyes Only material or the contents thereof for any business or commercial purpose whatsoever of such Party or any other person, firm, or corporation.

9. At all times, Confidential material produced in this Proceeding and any copies or derivation thereof will remain in the offices or custody of the Parties' outside counsel or expert, or the Court, except as provided in paragraph 11.

10. At all times, Confidential – Attorneys' Eyes Only material produced in this proceeding and any copies or derivation thereof will remain in the offices or custody of the outside counsel, or the Court, except as provided in paragraph 11.

11. In the event that any Confidential material or Confidential – Attorneys' Eyes Only material is included with, or the contents thereof are in any way disclosed in, any pleading, motion, deposition transcript, or other paper filed with any court, such Confidential material or Confidential – Attorneys' Eyes Only material shall be filed and maintained under seal until further order of this Court; provided, however, that such paper shall be furnished to the Court

451575.2

and counsel of record for the named Parties to be received and reviewed under the provisions of this Order applicable to the stated level of confidentiality.

12. If, during hearing or trial, a Party receiving designated material intends to introduce into evidence any specific information designated as Confidential or Confidential – Attorneys' Eyes Only, that Party shall give notice of that intention to the Court, opposing counsel, and the producing Party or third party at least two weeks prior to the hearing or trial date set in this matter, and the Court may take such steps as it shall deem reasonably necessary to preserve the confidentiality of such information. A Party may be allowed to introduce Confidential or Confidential – Attorneys' Eyes Only evidence at a hearing or trial of this matter that has not been disclosed to the Court or opposing counsel prior to the two-week deadline upon written agreement from the designating Party; provided, however, that nothing herein prevents a Party from removing the Confidential or Confidential – Attorneys' Eyes only material label from its own documents, which it produced.

13. Within thirty (30) days after the settlement or entry of final judgment or order in the Proceeding from which no further appeal has been or can be taken, all Confidential material or Confidential – Attorneys' Eyes Only material and all copies thereof shall be returned to the producing Party or third party or destroyed, and each of the Parties shall separately certify in writing under oath that each has returned to the producing Party or third party or destroyed all the Confidential material and/or Confidential – Attorneys' Eyes Only material and has destroyed any materials created from information in those categories of material. Each of the Parties shall, at their own expense, have their experts return to the producing counsel all copies of Confidential materials, and others delivered by Order of this Court, and destroy all materials derived from the same, certifying separately, in writing under oath, the same. Notwithstanding the other

provisions of this paragraph 13, counsel for the parties may maintain a complete copy of all pleadings filed in the case, irrespective of whether they contain Confidential material or Confidential – Attorneys' Eyes Only material, provided that such counsel shall not use or disclose copies of pleadings containing Confidential material or Confidential – Attorneys' Eyes Only material at any time or in any manner other than as permitted by this Protective Order.

14. With respect to any discovery material that has been designated as Confidential or Confidential – Attorneys' Eyes Only material by a Party or third party, another Party may seek and obtain from the Court, upon an appropriate showing and full opportunity of the designator to respond and be heard, a determination that such material should not be deemed Confidential or Confidential – Attorneys' Eyes Only material. Until the Court rules on any such motion, the materials shall continue to be deemed and treated as Confidential or Confidential – Attorneys' Eyes Only material, as designated by the producing Party or third party. Any Party may seek and obtain, on an appropriate showing, additional protection with respect to the confidentiality of discovery material.

15. In the event additional persons become Parties to this litigation, they shall not have access to Confidential material or Confidential – Attorneys' Eyes Only material produced by or obtained from any Party or third party until the newly joined Party and its counsel have agreed in writing to be bound by this Protective Order and have executed and filed with this Court a copy of Exhibit 1 attached hereto. It shall be sufficient for counsel to execute the agreement on behalf of his or her client.

16. Review of Confidential material or Confidential – Attorneys' Eyes Only material and information by any person authorized under this order shall not waive the confidentiality of the documents or objections to production. The inadvertent, unintentional, or in-camera

disclosure of Confidential material or Confidential – Attorneys' Eyes Only material shall not, under any circumstances, be deemed a waiver, in whole or in part, of any Party's claims of confidentiality or privilege.

17. Production of privileged or work product protected information is presumed to be inadvertent and does not waive the privilege. If information is produced that is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any Party that received the information of the claim and the basis for it. After being notified, a Party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving Party may promptly present the information to the Court under seal for a determination of the claim. If the receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The producing Party must preserve the information until the claim is resolved. Inadvertent disclosure of privileged or work product protected documents shall not be a waiver of a claim of privilege either as to the specific material disclosed or as to related information.

18. Nothing contained in this Protective Order and no action taken pursuant to it shall prejudice the right of any person to contest the alleged relevancy, admissibility, or discoverability of the Confidential material or Confidential – Attorneys' Eyes Only material sought.

19. If any person covered by this Protective Order is subpoenaed or served with a document demand in another action or proceeding and such subpoena or document demand seeks information which has been designated in the Proceeding as Confidential or Confidential – Attorneys' Eyes Only pursuant to the terms of this Protective Order, that person shall (i) give prompt written notice, by hand or facsimile transmission, and in no event later than forty-eight

(48) hours after the receipt of such subpoena or document demand, to the person or persons who produced and who designated the information as Confidential or Confidential – Attorneys' Eyes Only; and (ii) object to the production of such information on the ground that such information is subject to the terms of this Protective Order. The burden of opposing the enforcement of the subpoena or document demand shall fall upon the person or persons who produced or designated the information as Confidential or Confidential – Attorneys' Eyes Only. Unless the person or persons who produced or designated the information as Confidential or Confidential – Attorneys' Eyes Only obtains an order directing that the subpoena or document demand not be complied with, and serves such order upon the person who received the subpoena or document demand, the person who received the subpoena or document demand shall be permitted to produce information in response to the subpoena or document demand on the response date for the subpoena or document demand; provided, however, that the person who received the subpoena or document demand shall not produce information in response to the subpoena or document demand before its response date.

20. This Protective Order shall remain in full force and effect unless modified by order of the Court or by joint or consent motion of the Parties and any producing third party. This Protective Order is binding on all Parties and their affiliates, and/or parent corporations, attorneys, agents, experts, consultants, employees, representatives, successors, and assigns.

21. The Clerk of this Court is directed to maintain under seal all documents, transcripts, and other items filed under seal with the Court in this litigation that have been designated, in whole or in part, as Confidential or Confidential – Attorneys' Eyes Only material by a Party to the litigation or any producing third party.

451575.2

IT IS SO ORDERED this 20th day of May, 2014.

_____
HONORABLE TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

10

451575.2

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CANAAN WILDLIFE PRESERVE, INC.,
an Arkansas corporation, et al.                                        PLAINTIFFS

VS.                                       No. 13-2064

CHESAPEAKE ENERGY CORPORATION, et al.                  DEFENDANTS

NON-DISCLOSURE AGREEMENT

I certify that I have read the Protective Order (the "Order") in this action and that I fully understand the terms of the Order. I recognize that I am bound by the terms of the Order, and I agree to comply with those terms. I hereby consent to the personal jurisdiction of the United States District Court for the Western District of Arkansas for any proceedings involving the enforcement of the Order.

EXECUTED this _____ day of _____, _____.

_____
Signature

_____
Name

_____
Affiliation

_____
Business Address

# EXHIBIT 1

451575.2